**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILDER VIRGILIO DIAZ-GOMEZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-8469** |
| | : | |
| **ANDY CRUZ, ACTING DIRECTOR** | : | |
| **JOHN E. RIFE, SECRETARY** | : | |
| **MARKWAYNE MULLIN, U.S.** | : | |
| **DEPARTMENT OF HOMELAND** | : | |
| **SECURITY** | : | |

# ORDER

**AND NOW**, this 9th day of November 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for over four years, Respondents' Answer (ECF 5) opposing release but not showing Respondents afforded Petitioner notice and an opportunity to demonstrate a pre-bond hearing release would not pose a danger to property or persons and Petitioner is likely to appear for an as-yet unscheduled bond hearing or other proceedings, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Wilder Virgilio Diaz-Gomez is not today subject to detention under 8 U.S.C. § 1226(a) without Respondents showing they afforded Petitioner pre-custodial notice of his ability to demonstrate he would not pose a danger to property or persons and Petitioner is likely to appear for future proceedings;

2. Respondents shall **forthwith** release Wilder Virgilio Diaz-Gomez from federal custody no later than **6:00 PM EST** on **November 9, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **9:30 AM EST** on **November 10, 2026**;

3. Respondents are temporarily enjoined from re-detaining Petitioner until no earlier than **November 24, 2026** and should Respondents choose to pursue re-detention before a bond hearing under section 1226(a), they must first provide Petitioner: 1) notice and an opportunity to demonstrate release would not pose a danger to property or persons and Petitioner is likely to appear for any future proceedings; 2) identify their determination of this threshold question in their detainer documents to confirm their compliance with governing Regulations; and 3) if requested, schedule a bond hearing at which a neutral immigration judge will determine whether detention is then warranted pending resolution of those removal proceedings; and,

4. The Clerk of Court **CLOSE** this case.[1]

**KEARNEY, J.**

---

[1] Immigration and Customs Enforcement arrested Wilder Virgilio Diaz-Gomez and detained him during a scheduled routine check-in on November 2, 2026. ECF 1 ¶ 23. The United States claim to have detained Mr. Diaz-Gomez under the authority granted by Congress in 8 U.S.C. § 1226(a). ECF 5 at 2. Mr. Diaz-Gomez has resided in the United States for four years. ECF 1 ¶ 4. He lives in Philadelphia with his girlfriend. *Id.* ¶ 21. He is employed as a forklift operator and has never been arrested or charged with a crime. *Id.* Mr. Diaz-Gomez has complied with all the conditions of his removal proceedings since arriving in 2022. *Id.* ¶ 22.

Mr. Diaz-Gomez petitions for habeas relief urging the United States' exercise of discretion in detaining him (absent further proof) violates the Constitution and 8 C.F.R. § 236.1. ECF 1. He also argues Respondents violate the *Accardi* doctrine by detaining him. *Id.* ¶ 78 ("The *Accardi* doctrine holds that government agencies are bound to follow their own rules, even self-imposed procedural rules that limit otherwise discretionary decisions.") (citing *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). The United States opposes arguing Mr. Diaz-Gomez has not exhausted his administrative remedies and his substantiative and procedural due process rights are not harmed. ECF 5 at 3. It does not substantively address Mr. Diaz-Gomez's *Accardi* arguments.

The United States must afford Mr. Diaz-Gome a bond hearing before an Immigration Judge. *I.K. v. Jamison*, No. 26-3719, Order (ECF 10) (E.D. Pa. June 9, 2026) (Diamond, J.). Mr. Diaz-Gomez requested an Immigration Judge review his custody determination when the United States detained him. ECF 5-4. The United States does not report whether they have scheduled the time and place of a bond hearing for Mr. Diaz-Gomez before an Immigration Judge. ECF 5. They report "he will

be transferred to attend his bond hearing or any other immigration-court herring if one is ordered." ECF 5 at 1 n. 1. But they offer no information on when or if this transfer will occur.

A bond hearing will address Mr. Diaz-Gomez's custody. And we agree with our colleagues as to his need to exhaust administrative remedies if an Immigration Judge detains him after considering the evidence at a bond hearing.

We face a different question. The question before us today is what process the United States owed Mr. Diaz-Gomez <u>before</u> depriving him of liberty subject to a later (as yet unscheduled) bond hearing including whether this type of pre-hearing custody without giving notice of his ability to show grounds to avoid custody is consistent with the United States' discretion to detain him pending his bond hearing. The United States argue neither Congress in section 1226(a) nor the regulations issued thereunder afford some form of pre-seizure determination before custody. We agree in part; Congress did not specifically identify the need for a pre-deprivation liberty determination in section 1226(a). But the regulations governing the United States' discretion under section 1226(a) afford Mr. Diaz-Gomez the opportunity to demonstrate "release would not pose a danger to property or persons" and Mr. Diaz-Gomez "is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). The United States do not address how we are to ignore these regulations. The United States instead advances their previous arguments, including their argument the only reference to dangerousness and flight risk in these regulations "relates to the post-deprivation process" where Mr. Diaz-Gomez must demonstrate grounds to avoid custody. ECF 5 at 1–3. The United States simply argue the process of exhaustion after a bond hearing. Under the United States' view, they can place a person in custody without the findings set in the regulation and Mr. Diaz-Gomez can later argue for release.

We recognize (as do the United States) our colleagues differ on the due process rights before a bond hearing when the United States exercise discretion under section 1226(a). Judge Diamond denied a Petition for habeas relief when a petitioner challenged detention under section 1226(a), and an Immigration Judge scheduled a bond hearing for eleven days after Immigration and Customs Enforcement (ICE) detained Petitioner. *I.K.*, No. 26-3719 at Order (ECF 10). Judge Diamond found the petitioner had not exhausted his administrative remedies. *Id.* And some of our colleagues have denied Petitions for habeas relief under similar facts. *See, e.g., Sanchez v. Jamison et al.,* No. 26-7938, 2026 WL 3218606 (E.D. Pa. Oct. 27, 2026) (Kenney, J.); *Vakhtangadze v. J.L. Jamison, et al.*, No. 26-6630, 2026 WL 2969613 (E.D. Pa. Oct. 2, 2026) (Pozos, J.); *Piatukho v. Jamison, et al.*, No. 26-6413, 2026 WL 2719267 (E.D. Pa. Sep. 15, 2026) (Leeson, J.).

We and several of our colleagues hold Congress did not authorize pre-bond hearing detention without an individualized determination of the individual's flight risk or danger to the community under section 1226(a). *See Garasov v. Jamison*, No. 26-8387, 2026 WL 3373206 (E.D.Pa. Nov. 6 2026) (Rufe, J.) *Luna v. Jamison*, No. 26-7492, 2026 WL 3372179 (E.D. Pa. Nov. 6, 2026) (Younge, J.); *Vishal Rajeshkumar Raval v. Jamison*, No. 26-8270, 2026 WL 3322149 (E.D. Pa. Nov. 3, 2026) (Scott, J.); *Emile v. Jamison, et al.*, No. 26-8099, 2026 WL 3308132 (E.D. Pa. Nov. 2, 2026) (Padova, J.); *Contreras Gandia v. Jamison*, No. 26-8262, 2026 WL 3372166 (E.D. Pa. Nov. 2, 2026) (McHugh, J.); *Velasquez Velasquez v. Jamison*, No. 26-8074, 2026 WL 3268546 (E.D. Pa. Oct. 30, 2026) (Henry, J.); *Chub Coc v. Jamison, et al.*, No. 26-8177, 2026 WL 3270087 (E.D. Pa. Oct. 30, 2026) (Sánchez, J.); *Araujo v. Officer in Charge ICE, et al.*, No. 26-6974, 2026 WL 3206909 (E.D. Pa. Oct. 26, 2026) (Bartle, J.); *Sanchez Patino v. Jamison, et al.*, No. 26-7934,

2026 WL 3153089 (E.D. Pa. Oct. 21, 2026) (Scott, J.); *Tenezaca-Bacacela v. Jamison, et al.*, No. 26-7617, ECF 10 (E.D. Pa. Oct. 16, 2026) (Schmehl, J.); *Zhuno-Livicura v. J.L. Jamison, et al.*, No. 26-7254, 2026 WL 3333643 (E.D. Pa. Oct. 15, 2026) (Hodge, J.); *Hernandez v. Jamison, et al.*, No. 26-7606, 2026 WL 3034460 (E.D. Pa. Oct. 9, 2026) (Beetlestone, C.J.); *Figuera Castro v. Warden of Fed. Det. Ctr. Philadelphia,* No. 26-7526, 2026 WL 3372170 (E.D. Pa. Oct. 8, 2026) (Quiñones Alejandro, J.); *Torres Guevara v. Warden of Fed. Det. Ctr. Philadelphia*, No. 26-7077, 2026 WL 2838542 (E.D. Pa. Sept. 22, 2026) (Savage, J.); *Alatoom v. Rife, et al.*, No. 26-7178, 2026 WL 3073229 (Sep. 22, 2026) (Kearney, J.).

Chief Judge Beetlestone granted habeas relief finding detention under section 1226(a) is discretionary and the United States had not made an individualized bond determination. *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528, at *3–5 (E.D. Pa. Sep 16, 2026). Chief Judge Beetlestone focused, along with Judge Sánchez in an earlier case, on the lack of criminal history or dangerousness concern consistent with 8 C.F.R. § 1236.1(c)(8). The United States argues this analysis is inappropriate under a section 1226(a) discretionary abstention; it argues neither Congress nor the administrative agencies require a finding of dangerousness on an individual basis under section 1226(a). ECF 5 at 8–9. The petitioner before Chief Judge Beetlestone (like Mr. Diaz-Gomez) seemingly had no criminal history and regularly appeared for routine check-ins at the Philadelphia field office of the Department of Homeland Security. *Regalado-Nauta*, 2026 WL 2740528, at *3–5. Judge Sánchez similarly granted a Petition for habeas relief finding the facts before him "bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026).

Judge Rufe likewise granted habeas relief under section 1226(a) when the United States did not provide a habeas petitioner with an individualized custody determination or an opportunity to be heard before his section 1226(a) bond hearing. *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, at *1 (E.D. Pa. Sept. 16, 2026). Judge Rufe explained before the United States exercises discretion to detain a non-citizen it must make an individualized custody determination regarding "whether the non-citizen is a danger to property or persons and is likely to appear for any future proceedings." *Id.* at *4. The United States cannot exercise discretion and detain a non-citizen based solely on immigration status. *Id.* at *5. Judge Rufe next reviewed the Supreme Court's three factor analysis from *Mathews v. Eldridge* finding the United States did not meet its obligation to provide petitioner procedural due process. *Id.* at 4 (citing *Mathews v. Eldrige*, 424 U.S. 319, 334 (1976)).

We are also guided by Judge Ho's earlier analysis in *Lopez Benitez v. Francis*. 795 F.Supp.3d 475, 492–495 (S.D.N.Y. 2025). Judge Ho explained reading section 1226(a) as Congress requiring the United States to make an individualized assessment "is the only way to make sense of the broader statutory and regulatory scheme" for two reasons: 1) it does not make sense to provide individuals an opportunity to challenge their detention before an immigration judge unless detention is based on an individualized assessment of dangerousness or flight risk; and 2) Congress's carve out in section 1226(c) for disfavored [criminal] non-citizens is unnecessary if it authorizes under section 1226(a) the categorical detention of any non-citizen. *Id.* at 493–94.

Mr. Diaz-Gomez's detention today before a bond hearing process cannot withstand due process scrutiny on the record before us. Mr. Diaz-Gomez has the right to demonstrate to the immigration

officer issuing the warrant his release does not pose a danger to property or persons and he is likely to appear for any future proceedings. We, like Judge Rufe, reviewed the Supreme Court's *Mathews* factors and find procedural due process requires, at a minimum, the United States provide Mr. Diaz-Gomez with notice of this right to demonstrate grounds for his release pending a bond hearing and then exercise discretion after hearing from Mr. Diaz-Gomez. Respondents can then provide their notice of this right and their findings before custody. We would then face a closer question on due process.

We have no basis to today find the United States offered this notice and will not substitute our judgment on these findings for the officer issuing the warrant based on the limited information before us. The record is devoid of evidence the United States determined Mr. Diaz-Gomez's flight risk or danger to the community before detaining him as required. The United States present Mr. Diaz-Gomez's Form I-213 Record of Deportable Inadmissible Alien suggesting they detained him "subject to President Donald Trump's Executive Order" and because he lacked "proper immigration documents allowing him to enter or remain in the United States legally." ECF 5-2 at 3–4. They present Form I-200, the warrant for Mr. Diaz-Gomez's arrest, suggesting they arrested him based on his immigration status. ECF 5-3. And the Form I-286 Notice of Custody Determination simply reflects the United States detained Mr. Diaz-Gomez without an explanation. None of this evidence includes an individualized assessment of Mr. Diaz-Gomez's flight risk or danger to the community.